Dear Chief Lucas:
This office is in receipt of your request for an opinion of the Attorney General in regard to the authority over an inmate for work release. You indicate as Chief of Police you took an inmate out of Avoyelles Parish Sheriff's Office on work release for the Mansura Police Department. Under your supervision this inmate washed cars, painted trim on City Hall and did other maintenance and janitorial work. Upon returning the inmate to the Sheriff's office, you were informed you could no longer take this inmate out due to the Mayor's orders. As a result of this, you ask whether it is legal for the Mayor to do this without the approval of the Chief of Police.
In accordance with R.S. 15:708 any prisoner sentenced to a parish prison or there awaiting transfer to a state correctional facility, who is freely willing to perform manual labor upon public places, participate in litter abatement, perform labor at any cemetery or grave yard, "the sheriff may set the prisoner to work". These prisoners may also assist the governing authorities to maintain the municipality in a safe and sanitary condition by removing grass and weeds. They may also work on projects performed by the Prison Enterprises within the Parish. However, the prisoners shall remain under the custody and control of the sheriff, and the sheriff establishes the regulations which are necessary to carry into effect these provisions. It is further provided for a person convicted of a misdemeanor for violation of any state law or any parish or municipal ordinance, the judge may sentence the person to report to the sheriff to participate in a court approved workday release program. The prisoners shall always remain under the custody and control of the sheriffs.
R.S. 15:711 is similar wherein it gives the sheriff of each parish authority to establish and administer a work release program for inmates of any jail or prison under his jurisdiction.
These statutes clearly establish that inmates held in a Parish Prison who are assigned for work details are under the authority and control of the sheriff.
Moreover, R.S. 33:404 sets forth the powers, duties and responsibilities of the Mayor in a Lawrason Act community and provides he shall "supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a policedepartment with an elected chief of police". Accordingly, he has no supervisory authority over the operation of your office, or inmates released to you for maintenance projects.
However, while the Mayor has no authority with regard to prisoners sentenced to a parish facility as to whether they can be placed on a work detail, the Sheriff may acquiesce to a request by the Mayor, and an inmate could be denied release for work detail under the Sheriff's order. His decision would prevail.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Your very truly,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr